## No. 532
### NUSSBAUM v. ATLAS LAUNDRY CO.
U. S. Appeals, 6th Circuit
No. 4402. Decided Jan. 5, 1926.

**480. EVIDENCE.—Person of ordinary intelligence is presumed competent to express an opinion as to the speed of automobile, and the exclusion of testimony on the ground that witness did not have exceptinal ability to estimate speed, is prejudicial error.**

MOORMAN, C. J.

Abraham Nussbaum sued for damages, in the District Court by reason of his being injured by a truck of the Atlas Laundry Co. Damages were denied him. Error was prosecuted because the lower court refused to admit evidence of the truck's speed at the time of the accident, from one of the two witnesses offered by Nussbaum. It was claimed that the court erred in failing to specifically charge the jury what rate of speed was presumptively reasonable, under a state statute.

The Circuit Court held:

1. The witness Viner was not permitted to testify as to the speed of the truck for the reason that he had not been shown to possess exceptional ability to estimate the speed of the automobile, through common knowledge gained from experience.

2. This ruling is wrong, for it would be contrary to common experience to assume that Viner had not had abundant opportunity of observing the movement of autombiles.

3. Any person of ordinary intelligence, from his experience in the ordinary affairs of life is competent, with special qualification, to express an opinion as to the speed of a moving automobile.

4. Since there were but two witnesses to the speed of the truck, Viner's testimony could not have been merely cumulative; but must be regarded as highly important in view of meager evidence on this point.

5. Under a state statute any rate of speed greater than 15 miles an hour in business and closely built up portions of a city is presumptive evidence of a rate greater than is reasonable.

6. Since the accident occured in closely built up portion of the city, the request that the jury be so instructed was material because of different rates aplicable in different portions of a city.

Judgment reversed.

**Attorneys**—William Thorndyke and Albert D. Alcorn for Nussbaum; Ben B. Nelson for Company; all of Cincinnati.

## No. 533
### KENDJERSKI v. UNITED STATES
U. S. Appeals, 6th Circuit.
No. 4492. Decided Jan. 5, 1926

**225. CHARGE TO JURY.—No charge on entrapment necessary, when officers give boy money to buy intoxicating liquor without instructions from whom he shall purchase.**

**661. INTOXICATING LIQUORS. — Fact that officer offers to buy, or has agent buy through him, is not entrapment.**

DONAHUE, C. J.

Kate Kendjerski was convicted in the District Court upon an information charging her with unlawful possession and sale of intoxicating liquor, and maintaining a nuisance. She was sentenced to pay a fine of $300 and four months imprisonment in the workhouse.

A small boy, Martin Smerk, was given a marked dollar by the arresting officer and Smerk tendered the bill to Kendjerski who gave him liquor and change in return. Upon arrest Kendjerski claimed that the dollar came into her possession by reason of her giving change to another person.

Error was prosecuted to the Circuit Court of Appeals and it was claimed that the verdict was not supported by any substantial evidence and that the lower court erred in refusing to charge on the question of entrapment. The Court held:

1. The explanation of Kendjerski as to how the marked bill came into her possession is so unreasonable as to seriously affect, to her disadvantage, the question of her credibility.

2. The record contains no evidence which would justify a charge on the question of entrapment.

3. The fact that an enforcement officer offers to buy, either in person or through an agent, does not constitute entrapment; but merely furnishes an opportunity to one who is willing to commit the offense.

4. Smerk was not instructed to buy the liquor frm Kendjerski in particular, and the officers in this case did not induce an entirely innocent party to commit the offense.

Judgment affirmed.

**Attorneys**—J. Arnold Read & Henry Du-Lawrence for Kendjerski; D. C. Van Buren, Asst. U. S. Atty. for U. S.; all of Cleveland.